UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

**THOMAS SANTORO,**

    **Plaintiff,**

**v.**                                                                       **Case No: 5:13-cv-242-Oc-10PRL**

**AUTOZONERS, LLC and AUTOZONE**
**STORES, INC.**

    **Defendants.**

## ORDER

This employment discrimination case comes before the Court for consideration of Defendant's Motion for Extension of Expert Designation and Expert Report Deadlines (Doc. 8), to which Plaintiff has responded in opposition. (Doc. 9).

Defendant requests an extension of sixty (60) days to make its expert disclosures. Defendant's motion recites that, pursuant to the Case Management Report (Doc. 6), Plaintiff's deadline for making expert disclosures was February 3, 2014. Plaintiff, however, did not make any expert disclosure. Defendant's deadline for disclosures was thirty (30) days after Plaintiff's disclosures. (Doc. 6). The current discovery deadline is July 5, 2014, and trial is scheduled for the term commencing November 10, 2014.

Defendant requests an extension for its expert disclosures because, as Defendant asserts, discovery has revealed the necessity for a handwriting expert. On March 19, 2014, Defendant took the deposition of the Plaintiff, and issues arose with regard to the authenticity of disciplinary documents, and with regard to whether Plaintiff actually signed documents that purport to contain his signature. Plaintiff objects to Defendant's request, arguing that Defendant should have

forseen the need for an expert, and knowingly and voluntarily assumed the risk that information would be disclosed during Plaintiff's deposition that would give rise to the need to designate an expert. Plaintiff also requests permission to designate a rebuttal expert if Defendant's motion is granted.

Indeed, there is ample time in the discovery schedule to accommodate Defendant's request for designation of a handwriting expert. Accordingly, upon due consideration, Defendant's Motion (Doc. 9) is **GRANTED** in part, and Defendant shall have until **May 25, 2014** within which to make expert disclosures, however, those disclosures shall be limited to the issue of handwriting expert testimony. Plaintiff shall then have until **June 25, 2014** within which to designate a rebuttal expert, however, any rebuttal expert shall be subject to the provisions of Federal Rule of Civil Procedure 26(a)(2)(D), and must be intended solely to contradict or rebut Defendant's disclosure.

**DONE** and **ORDERED** in Ocala, Florida on April 9, 2014.

PHILIP R. LAMMENS
United States Magistrate Judge

Copies furnished to:

Counsel of Record
Unrepresented Parties