## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## OCALA DIVISION

**THOMAS SANTORO,**

      **Plaintiff,**

**v.**                                             **Case No: 5:13-cv-242-Oc-10PRL**

**AUTOZONERS, LLC**

      **Defendant.**

_____

## ORDER

This employment discrimination case comes before the Court for consideration of Plaintiff's First Motion to Compel Discovery (Doc. 14), to which Defendant has responded. (Doc. 15).   In this case, Plaintiff brings suit for age discrimination against Defendant under the Florida Civil Rights Act, §§ 760.01 *et seq*., and the Age Discrimination in Employment Act, 29 U.SC. §§ 621 *et seq.*   Plaintiff alleges claims for discriminatory adverse employment actions, including termination, on the basis of age, as well as for retaliation and hostile work environment.

Although Plaintiff's motion raises numerous issues, Defendant states that the parties have worked together to narrow their discovery dispute.   (Doc. 15, p. 1).   One issue remains unresolved: Plaintiff contends that Defendant must provide complete written answers to Plaintiff's First Set of Interrogatories Nos. 5-10.

Those interrogatories, which are quite lengthy, seek additional information regarding Defendant's contentions in its position statement to the Equal Employment Opportunity Commission.   The interrogatories can be summarized as follows:   (5) to provide detailed information regarding each occasion when Plaintiff was alleged to have "verbally abused a

customer," as contended by Defendant in its position statement for the Equal Employment Opportunity Commission ("EEOC"); (6) to provide detailed information regarding each occasion when Plaintiff allegedly failed to complete opening and closing procedures, as contended by Defendant; (7) to provide detailed information regarding each occasion when Plaintiff was alleged to have a "cash shortage," as contended by Defendant; (8) to provide detailed information regarding each occasion when Plaintiff allegedly failed to run a payroll report, as contended by Defendant; (9) to provide detailed information regarding each occasion when Plaintiff allegedly "failed phone shops," as contended by Defendant; and (10) to provide detailed information regarding each occasion when Plaintiff allegedly "failed to report to work as scheduled, " as contended by Defendant. (Doc. 14, p. 34-38). The interrogatories request identification of each person who has personal knowledge or information relevant to Defendant's contentions, and their full name, job position or title while employed by Defendant, whether the individual is a present or former employee of Defendant, and the contact information for the individuals identified.

In response to each of these interrogatories, Defendant exercised the option under Rule 33(d) of the Federal Rules of Civil Procedure to produce business records, or to refer to business records already produced, from which responsive information can be readily ascertained. For interrogatories Nos. 5-10, Defendant referred Plaintiff to his personnel file and his compliance report (which is a part of the personnel file), consisting of 155 pages of documents. Defendant states that "[t]his means that Plaintiff has all of the information Autozone has concerning his 'history of performance issues,' and there is no reason Plaintiff cannot review his own personnel file to review his disciplinary record and customer service complaints." (Doc. 15, p. 7). In addition, Defendant references its answer to Interrogatory No. 1, which contains a list of Defendants' employees, including managers and human resources managers, whom Defendant

generally identifies as having "knowledge regarding that Plaintiff was not subjected to any age harassment or discrimination and that Plaintiff was not subjected to any retaliation."   (Doc. 14, p. 29-30, 34-38).

Rule 33(d) provides, in part:

> If the answer to an interrogatory may be determined by examining, auditing, compiling, abstracting, or summarizing a party's business records . . ., and if the burden of deriving or ascertaining the answer will be substantially the same for either party, the responding party may answer by:   (1) specifying the records that must be reviewed, in sufficient detail to enable to interrogating party to locate and identify them as readily as the responding party could . . .

Plaintiff argues that Defendant has failed to comply with Rule 33(d), and that it must provide complete, responsive, and non-evasive written answers to the interrogatories.   Plaintiff contends that Defendant failed to comply with the specificity requirements of Rule 33(d), and that its refusal is an improper attempt to evade its obligation to fully answer the interrogatories.

Indeed, a party may not merely refer another party to documents hoping that the other party will be able to glean the requested information.   *Johnson v. Kraft Food of N. Am*, 236 F.R.D. 535, 545 (D. Kan. 2006).   Rule 33(d) does not require Plaintiff to guess as to which documents Defendant contends answer the interrogatories.   *See Mann v. Island Resorts Development, Inc.,* 2009 WL 6409113, *4 (N.D. Fla. Feb. 27, 2009) (stating counsel for interrogating party "should not have to sift through volumes of material to figure out which document(s) responds to which interrogatory.").

Plaintiff also contends that Defendant must show that the unidentified documents contain all of the requested information, citing *Border Collie Rescue, Inc. v. Ryan*, 2005 WL 662724, *2 (M.D. Fla March 15, 2005)("If the interrogatory cannot be fully answered by reference to business records, [responding party] shall provide a traditional-style interrogatory answer.").   Plaintiff

states that, based on Defendant's vague response, Plaintiff is unable to ascertain whether the unidentified documents contain all of the information requested by the interrogatories.

The Court agrees.  Although lengthy, Plaintiff's interrogatories Nos. 5-10 are plainly worded and straightforward.  They call upon Defendant to identify persons with knowledge regarding Plaintiff's alleged performance shortcomings identified by Defendant in its EEOC statement, and to provide specific information about those events and individuals.  While it is likely that much of this information could be found within Plaintiff's personnel file, it is highly unlikely that it would contain all of the information requested, such as whether an individual is a current or former employee, just as an example.

More importantly, it is not clear to the Court that Plaintiff could easily match each interrogatory request with the information in the personnel file and list of individuals provided in response to request No. 1.  For example, as to Request No. 7 regarding Plaintiff's alleged cash shortages, it is not clear how Plaintiff is to match the documents in the file related to those incidents to each of the individuals identified in Interrogatory No. 1 who may have knowledge about one, or perhaps more, of the events.  *See, e.g, Cleveland Const., Inc. v. Gilbane Bld*g. Co., 2006 WL 2167238 (E.D.Ky., 2006)(granting motion to compel specific and detailed answers to interrogatories, reasoning that "even if [defendant] could read [plaintiff's] mind, that alone is no guarantee that it could discern the answers to its Interrogatories since it is highly unlikely that [defendant] would view certain facts and occurrences the same way that [plaintiff] does.")  The information in Interrogatory No. 1 is not particularly helpful in responding to requests Nos. 5-10, as those individuals are not identified in terms of which incidents of alleged misconduct they have knowledge about.  Rather, they are identified as generally having knowledge that Plaintiff was not the subject of discrimination.

Plaintiff's interrogatories appear to be straightforward requests designed to facilitate further discovery, such as depositions of individuals with information relevant to the facts underlying Defendant's defenses.   Notably, Defendant does not contend that the referenced personnel file contains all of the information requested by the interrogatories.   Rather, Defendant simply asserts that, with the information in Plaintiff's personnel file together with the list of individuals identified in response to Interrogatory No. 1, Plaintiff has "all of the information Autozone has concerning his 'history of performance issues.'"   (Doc. 15, p. 7).   Arguably, though, what Plaintiff does not have is specific information linking the individual's identified in interrogatory 1 and each of the incidents Plaintiff asks about.

Under Rule 33, the burden is on the responding party to make an inquiry and obtain information to answer the interrogatories which would include obtaining the information to fully and completely answer the interrogatories, and this may include from current or former employees or officers.   *See National Fire Ins. Co. of Hartford v. Jose Trucking Corp.*, 264 F.R.D. 233, 239 (W.D.N.C. 2010).   Moreover, the plain language of the rule provides that the option to produce business records only applies if "the burden of deriving or ascertaining the answer will be substantially the same for either party."   Fed. R. Civ. P. 33(d).   Here, Plaintiff would be (at best) guessing about Defendant's intended response to virtually all of the interrogatories, as well as about which individuals named in response to Interrogatory No. 1 Defendant contends has knowledge about each category of Plaintiff's alleged misconduct.   *See Mann*, 2009 WL 6409113 at *4.   Consequently, the burden of ascertaining the answer would not be substantially the same for either party.

At a minimum, Defendant's answers to the interrogatories should include specific references to specific Bates numbered documents correlated with specific interrogatory requests.

*See Pulsecard, Inc. v. Discover Card Services, Inc.*, 168 F.R.D. 295, 305 (D. Kan. 1996) ("[t]he answer must specify, without qualification, which documents contain the answer").   Additionally, if the interrogatory cannot be fully answered by reference to the documents, the Defendant should provide a traditional-style interrogatory answer.   *See Border Collie Rescue,* 2005 WL 662724 at *2).

As a final matter, Plaintiff requests attorney's fees and costs in moving to compel discovery.   Although Plaintiff's motion to compel is due to be granted, the Court is not inclined to impose monetary sanctions against Defendant in this instance.   Defendant's concerns about the sufficiency of its interrogatory responses were "substantially justified," therefore the Court denies any recovery for fees and costs.   Fed. R. Civ. P. 37(a)(5)(ii).

Accordingly, upon due consideration, Plaintiff's Motion to Compel (Doc. 14) is **GRANTED**, and Defendant shall have twenty (20) days from the date of this Order within which to supplement its answers to Plaintiff's Interrogatory Nos. 5-10 with detailed and specific answers. Plaintiff's request for attorney's fees and costs is **DENIED**.

**DONE** and **ORDERED** in Ocala, Florida on May 9, 2014.

PHILIP R. LAMMENS
United States Magistrate Judge

Copies furnished to:

Counsel of Record
Unrepresented Parties