UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

THOMAS SANTORO,

    Plaintiff,

v.                                        Case No: 5:13-cv-242-Oc-10PRL

AUTOZONERS, LLC

    Defendant.

## ORDER

This employment discrimination case comes before the Court for consideration of "Plaintiff's Motion to Strike Defendant's Reply to Plaintiff's Response to Defendant's Motion for Summary Judgment Because the Reply Contains Misstatements and Mischaracterizations of Fact and Law" (Doc. 37), to which Defendant has responded in opposition (Doc. 39).

On August 5, 2014, Plaintiff filed its Motion for Summary Judgment in this case. (Doc. 21). On August 29, 2014, Plaintiff filed a 48-page response in opposition to the motion for summary judgment. (Doc. 26). Then, Plaintiff belatedly filed its Motion for Leave to File a Response in Excess of Twenty Pages in length (Doc. 27). The Court reluctantly granted Plaintiff's motion for leave to file the lengthy response, but admonished counsel that lengthy briefs are disfavored and would not be routinely permitted. (Doc. 29). Defendant then sought leave to file a reply memorandum, which the Court granted, limited to fifteen pages. (Doc. 33).

Plaintiff now submits a 21-page motion to strike (Doc. 37) that, as Defendant argues, is nothing more than a thinly veiled sur-reply brief. The Court agrees. Plaintiff does not cite a single rule or case in support of its proposition that Defendant's Reply should be stricken.

- 2 -

Plaintiff fails even to cite Federal Rule of Civil Procedure 12(f), which provides that "[t]he court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent or scandalous matter." Rather, Plaintiff's motion contains 21 pages regarding its opposition to summary judgment, including arguments regarding disputed issues of fact related to Plaintiff's termination, disputed deposition testimony, and legal arguments responsive to Defendant's reply memorandum.

Such a brief is not permitted under the Local Rules, specifically Local Rule 3.01(c). Indeed, Plaintiff's motion to strike is contrary to both the spirit and letter of the Local Rules, as well as the Court's prior Order (Doc. 29) cautioning counsel regarding requests for excessive extension of the page limits. Defendant requests that Plaintiff's Motion to Strike be stricken from the record, and the Court agrees.

Accordingly, upon due consideration, Plaintiff's Motion to Strike (Doc. 37) is **DENIED**, and Plaintiff's Motion (Doc. 37) itself is hereby **STRICKEN**, but shall remain as filed.

**DONE** and **ORDERED** in Ocala, Florida on October 2, 2014.

_____
PHILIP R. LAMMENS
United States Magistrate Judge

Copies furnished to:

Counsel of Record
Unrepresented Parties